IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 120-003 |
| | * | |
| RODRIQUEZ LORENZO BROWN | * | |

**O R D E R**

On August 7, 2020, this Court sentenced Defendant Rodriquez Lorenzo Brown upon his plea of guilty to possession of a firearm by a prohibited person to serve 42 months imprisonment. At present, Defendant has filed a letter request asking for the Court to order a "nunc pro tunc" designation; that is, he asks the Court to direct that the time he spent in state custody be counted toward his federal sentence.

At the time of the sentencing, Defendant was serving a two-year state sentence upon revocation of his state probation. The Judgment and Commitment Order is silent on whether the federal sentence would run concurrent with or consecutive to this state sentence. Statutorily, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Thus, the Court did not intend for the state and federal sentences to run concurrently as indicated by its silence.

Besides, the Court was not entirely silent on the matter. At sentencing, defense counsel asked whether the time Defendant had been spending in custody would be credited toward his federal sentence. Contrary to his contention in his motion,[1] the Court informed Defendant that the Bureau of Prisons ("BOP") would determine whether or not to credit the time toward his state or federal sentence.

Finally, matters of credit for time served and other length of sentence determinations are better directed to the federal BOP, not this Court. While the BOP has the power to designate the housing state facility *nunc pro tunc* as the place of federal confinement, it is entirely within its discretion to do so. Any judicial challenge to the BOP's decision must be brought under 28 U.S.C. § 2241 in the district of *confinement* rather than in the sentencing court. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Accordingly, Defendant must bring his § 2241 challenge in the District of South Carolina, which has

---

[1] On his "Informal Resolution Form," Defendant states, "Judge Hall said he was going to count (time served toward his federal sentence)." (Def.'s Mot., Doc. 37, Ex. A.) This is simply not true.

2

territorial jurisdiction over the facility in which Defendant is presently incarcerated.

Upon the foregoing, Defendant's motion for credit for time served (doc. 37) is hereby **DENIED**. The Clerk is directed to serve a copy of this Order upon Defendant.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of January, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA